IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ELIZABETH RIENSTRA,<br><br>Petitioner,<br><br>vs.<br><br>DEPARTMENT OF DEFENSE,<br><br>Respondent. | Case No. 26-mc-00125-DKW-WRP<br><br>**ORDER DENYING PETITIONER'S MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISONS OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978** |

Pending before the Court is *pro se* Petitioner Elizabeth Rienstra's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410. Dkt. 1. The motion is fully briefed in the manner contemplated by the statute.[1] For the reasons explained below, the Court denies the motion.

## BACKGROUND

On February 19, 2026, the Department of Defense ("DoD") issued a subpoena to USAA Federal Savings Bank seeking financial records in connection with an investigation into whether Rienstra fraudulently collected pay from the United States

---

[1]Per Section 3410(b), upon receipt of a valid motion, the Court "shall order the Government authority to file a sworn response, which may be filed in camera if the Government includes in its response the reasons which make in camera review appropriate. If the court is unable to determine the motion or application on the basis of the parties' initial allegations and response, the court may conduct such additional proceedings as it deems appropriate." Here, the Court has received the Department of Defense's response and has determined that further proceedings are not necessary.

Army during the period November 2023 to May 2025 while she was absent from her duty station without leave. Dkt. Nos. 1 at 4–7, 7 at 2. On April 1, 2026, the DoD served Rienstra with a copy of the subpoena. Dkt. No. 1 at 4–5.

On April 9, 2026, Rienstra filed the instant motion, seeking to quash the subpoena pursuant to the RFPA. Dkt. No. 1. Rienstra asserts that the financial records sought are "not relevant as the DOD already has my pay records" and "the subpoena is Overly Broad or [a] 'Fishing Expedition.'" *Id*. at 3. Rienstra further states that if the DoD "simply ask[s], my counsel[2] can provide records and communications to refute their claims," as well as the "leave and earning statements they are requesting." *Id*.

On May 12, 2026, the DoD filed its opposition to the motion, arguing that Rienstra has not presented any valid basis to quash the subpoena, whose return is relevant to DoD's ongoing investigation. Dkt. No. 7 at 7–17; Dkt. No. 8 at 5-6.

## STANDARD OF REVIEW

Under the RFPA, a customer may file a motion to quash an administrative subpoena seeking financial records. 12 U.S.C. §§ 3401-22. To resist such a motion, the government must demonstrate that: (1) "the records sought are relevant to a legitimate law enforcement inquiry"; and (2) "a copy of the subpoena or summons has been served upon the customer or mailed to his last known address on or before

---

[2]Although Rienstra refers to her counsel, she is appearing in this matter *pro se*.

the date on which the subpoena or summons was served on the financial institution" together with a notice stating "with reasonable specificity the nature of the law enforcement inquiry." 12 U.S.C. § 3405.

The RFPA "narrowly constrains the range of decisions which the Court may make with regard to motions to quash." *In re Blunden*, 896 F. Supp. 996, 999 (C.D. Cal. 1995) (internal quotation marks omitted). The statute designates only two grounds on which a customer may challenge the release of financial records: (1) "that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice," or (2) "that there has not been substantial compliance with the provisions" of the RFPA. 12 U.S.C. §§ 3405(a)(1)–(2). Accordingly, "[w]ithin the framework of the RFPA, only three questions are relevant: (1) Is there a legitimate law enforcement inquiry; (2) are the subpoenaed bank records relevant to the inquiry, and (3) has the government agency complied with the requirements of the RFPA?" *Blunden*, 896 F. Supp. at 999 (internal quotation marks omitted). The government authority issuing the subpoena has the burden of persuasion on each of these issues. *Id*.

## DISCUSSION

Here, Rienstra does not assert that the DoD's inquiry is illegitimate or that the DoD has failed to meet the procedural requirements of the RFPA. Instead, Rienstra

seeks to quash the subpoena on the grounds of overbreadth and irrelevancy.  Dkt. No. 1 at 3.  Neither objection has merit.

First, as the DoD points out, overbreadth is not a recognized basis on which to quash.  *See* 12 U.S.C. §§ 3410(a)(1)–(2).  Even if it was, Rienstra appears to be claiming overbreadth because the DoD already possesses her Army payroll records, including her leave and earnings statements.  If so, that claim is misplaced.  Payroll records are not the same thing as her USAA banking records.  Moreover, even if DoD could obtain her banking records from whomever she refers to as her "counsel", Rienstra has not provided any authority as to why the DoD must follow that path.  That records are voluntarily provided is no reason why a subpoena for those same records must be quashed.

Second, "[s]o long as the material sought by the subpoena touches on a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant."  *Han v. Sec. & Exch. Comm'n*, No. 19-MC-68 (PSG)(AFMx), 2019 WL 4543099, at *2 (C.D. Cal. July 10, 2019) (internal quotation marks omitted).  "The [c]ourt must deny the motion to quash if there is 'a reasonable belief that the records sought are relevant' to a legitimate law enforcement inquiry."  C*rypto Traders Mgmt., LLC v. United States Sec. & Exch. Comm'n*, No. 21-MC-00375 (BLW), 2021 WL 1758692, at *2 (D. Idaho May 4, 2021) (quoting 12 U.S.C. § 3140(c)).

That is precisely the case here.  The DoD explains that Rienstra's USAA records are expected to demonstrate that she was not only paid by the Army (as her payroll records would also show), but how that pay was subsequently used and/or whether it was retained.  These transactions, in other words, are relevant to the Government's payroll fraud investigation, including, more specifically, to the issues of intent and damages.   Given the low bar for relevance in the RFPA context, *see Blunden*, 896 F. Supp. at 999, this is more than enough for the DoD to meet its burden of showing that the USAA records "touch[] on a matter under investigation," *Han*, 2019 WL 4543099, at *2.

## CONCLUSION

For the reasons set forth above, Rienstra's Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978, Dkt. No. 1, is DENIED.  The Clerk is instructed to close this case.

IT IS SO ORDERED.

DATED: May 14, 2026 at Honolulu, Hawai'i.



_____
Derrick K. Watson
Chief United States District Judge

---

Elizabeth Rienstra v. Department of Defense; Misc 26-00125 DKW-WRP;
**ORDER DENYING PETITIONER'S MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISONS OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978**